Ex parte ABELDANO.

No. 1859.

District Court, W. D. Texas, San Antonio Division.

Sept. 7, 1935.

1022

■■■■■■■■■■■■■

J. F. Jackson, Asst. Dist. Atty., of San Antonio, Tex., for relator.

Leonard Brown and Russell Wine, both of San Antonio, Tex., for defendant.

WEST, District Judge.

Habeas corpus sought by relator, Abeldano, on the ground that his detention for deportation to Mexico by immigration officers, charging him by warrant with "sharing in and deriving benefit from the earnings of a prostitute, and assisting said prostitute" subsequent to his last entry from Mexico, August 21, 1931. Immigration Act 1917, § 19; 8 USCA § 155.

■■■■■ Abeldano, also known as Ramirez, his mother's family name, is unmarried. Born in Mexico June, 1904. He lawfully entered the United States as an infant of three years of age with his mother and remained in Texas until 1922. He visited Mexico for ten months, returning to the United States and San Antonio, Tex., his place of residence in 1923. He also made a short visit to Mexico and re-entered August 21, 1931, at Eagle Pass, Tex. He has no criminal record, though admits arrest by city police in 1929 and fined. He has been continuously employed and for a year last past as truck driver for the National Biscuit Company.

The government's witness, Estafana Ramirez, Texas born, a prostitute, lived with relator for about ten months. His mother and four sisters, all born in Texas, live in San Antonio. He reads and speaks English. Relator and the woman spent their earnings mostly for joint living expenses; she contributing $10 or $12 a week and, in addition, helped her own family. The automobile was bought and paid for from joint earnings. Relator drove it to the place where Estafana practiced prostitution and to other places she wished to go. Bills and room rent were paid from their common earnings. He did not live with the prostitute at the place where she carries on her trade, nor did he participate or benefit by her earnings except indirectly in jointly contributing to the payment of the rent of a living room jointly occupied by them.

Her place of business was at the house of prostitution where she sold herself to men for a price. The relations between Abeldano and the woman were personal and private, not public. The case was brought to the attention of immigration officers through the quarrel between the relator and the government's witness, Estafana, thus using the government to punish him for asserted wrongs already condoned. The law thus to serve as a means of revenge for the prostitute rather than that justice might be done. The effect of deportation to the relator is banishment from this, his country, after twenty-five years residence.

The Immigration Act in question does not apply or extend to circumstances where the relations of the alien with prostitutes or places of prostitution are personal and private as distinguished from public, and further are not connected with the promotion of the trade or business of prostitution as such. Nagle v. Eizaguirre (C. C. A.) 41 F.(2d) 735; Louros v. Lindsey, Immigration Inspector (D. C.) 51 F.(2d) 303.

The court further finds and concludes from the foregoing that the relator did not have a fair hearing by the immigration officers.

It results, therefore, from the foregoing that the writ of habeas corpus should be and is granted and the relator, Abeldano, should be and is discharged from custody of immigration officers who hold him under warrant of deportation.